IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

STEPHEN F. BUZZELL, *et al.*,

                Plaintiffs,

      v.                               Civil Action Number 3:09cv161

INTERNAL REVENUE SERVICE, *et al.*,

                Defendants.

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the Defendants' motion to dismiss the action. Defendants move to dismiss pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, for mootness, and for failure to name a proper defendant. For the reasons set forth herein, the Court will grant the motion to dismiss pursuant to Rule 12(b)(1).[1] Finding itself without jurisdiction over the subject matter of this case, the Court need not address Defendants' alternative grounds for dismissal.[2]

---

[1] Plaintiffs' request for a hearing on Defendants' motion to dismiss is denied. The Court finds that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not assist in the decisional process. Further, though Defendants failed to submit any notice as to a hearing on the motion to dismiss within 30 days of filing the motion, the Court finds Defendants are in compliance with the spirit of Local Rule 7(e), as their notice to submit for decision without a hearing was filed within 30 days of the Court's Order directing Defendants to file a corrected *Roseboro* Notice apprising Plaintiffs of their right to respond in opposition to the motion to dismiss.

[2] Even if the Court did have proper subject matter jurisdiction, the Court would dismiss Plaintiffs' demand for injunction as moot. Plaintiffs seek to enjoin the sale of real property that was sold on March 9, 2009 and collection actions that have already been completed. Given that the Court cannot prevent that which has already taken place, it appears Plaintiffs' more appropriate course of action may have been a suit seeking to set aside the sale for failure to comply with 26

**I. Background**

Plaintiffs Stephen and Kimberly Buzzell, proceeding *pro se*, filed their Complaint in the Circuit Court of the County of Lancaster, Virginia on February 24, 2009, naming as defendants "THE INTERNAL REVENUE SERVICE; THE UNITED STATES OF AMERICA" and "ROB RICARDO, INDIVIDUALLY AND AS A REVENUE OFFICER OF THE INTERNAL REVENUE SERVICE; THE UNITED STATES OF AMERICA." Defendants removed the matter to the United States District Court for the Eastern District of Virginia, Richmond Division, on March 20, 2009. Plaintiffs' April 20, 2009 filing, to the extent it should be construed as a Motion to Remand, was denied by the Court's Order on April 29, 2009.

Plaintiffs' Complaint includes one section, titled "IMMEDIATE INJUNCTION RELIEF" ("Count I"), and a separate section, titled "NOTICE OF ACTUAL FRAUD, MALFEASANCE OF OFFICE, MISREPRESENTATION" ("Notice"). In Count I, Plaintiffs seek to enjoin the Internal Revenue Service from selling Plaintiffs' real property located in White Stone, Virginia for the purposes of collecting on unpaid 2006 federal income taxes. Further, Plaintiffs ask the Court for a declaration that their constitutional property and due process rights have been violated.

In their "Notice" section of the Complaint alleging fraud, Plaintiffs apparently aim only to "bring the Defendants into awareness of a Claim *to be brought* against the parties," explaining that "[t]he Notice in itself is not a Complaint . . ." Pls.' Opp'n to Defs.' Mot. to Dismiss ¶ 3 (emphasis added). The Court, therefore, construes Plaintiffs' requested relief in this action to be limited only

---

U.S.C. § 6333, to pursue a claim for redemption of the property under 26 U.S.C. § 6337, to pursue a quiet title action under 28 U.S.C. § 2409a, to pursue a wrongful levy action under 26 U.S.C. § 7426(a)(1), or to pursue a refund action under 28 U.S.C. § 1346 (a)(1). The Court does not suggest that any of these alternatives have or lack merit and will not address the validity of that which Plaintiffs do not seek.

to Count I's request for an injunction and a declaration of constitutional rights violations. Additionally, Plaintiffs explain that "[t]he Injunction is a suit against the Internal Revenue Service; The United States of America," and "the Injunction does *not* pertain to Rob Ricardo . . . ." Pls.' Opp'n to Defs.' Mot. to Dismiss ¶¶ 19, 27 (emphasis added). Accordingly, the Court construes Plaintiffs' requested injunctive relief as applying only to defendant Internal Revenue Service, as distinguished from defendant Ricardo, in either his official or individual capacity, as Mr. Ricardo appears to be implicated only in the inoperative "Notice" section.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel. Wilson v. Fairfax County Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court should grant a Rule 12(b)(1) motion if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1999). In making its decision, the Court must determine whether Plaintiffs' allegations, standing alone and taken as true, pleaded jurisdiction and a meritorious cause of action. *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1999).

## III. Analysis

Defendants argue that Count I should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because (1) the Internal Revenue Service is immune from suit, (2) the Anti-Injunction Act precludes jurisdiction of the federal district courts in actions seeking to impede the

collection of federal taxes, and (3) the Declaratory Judgment Act also precludes jurisdiction of the federal district courts in actions seeking to impede the collection of federal taxes. Finding that sovereign immunity bars Plaintiffs' action, the Court need not address Defendants' alternative arguments in support of their motion to dismiss under Rule 12(b)(1).[3]

It is well-settled that the United States is the real party in interest in suits against a federal department or agency, such as the Internal Revenue Service.[4] 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3655 (3d ed. 1998). As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Any waiver of sovereign immunity must be explicit and strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34-35 (1992). It is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim. *Welch*, 409 F.3d at 651. If the plaintiff fails to meet this burden, then the claim must be dismissed. *Id.*

Plaintiffs' only argument against sovereign immunity is that the United States has waived immunity under the Quiet Title Act, 28 U.S.C. § 2409a.[5] The Quiet Title Act is a limited waiver

---

[3] Even if the general doctrine of sovereign immunity did not bar Plaintiffs' claims, both the Declaratory Judgment Act, 28 U.S.C. 2201, and the Anti-Injunction Act, 26 U.S.C. 7421, would constitute such a bar. Plaintiffs do not show that their claims fit within any valid exception to the general prohibition of injunction suits or declaratory judgment suits involving the collection of federal taxes.

[4] Even if the Court were to construe Plaintiffs' requested relief as also naming Mr. Ricardo as a defendant in Count I, Plaintiffs cannot avoid the bar of sovereign immunity by naming officers or employees as defendants. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

[5] To the extent that Plaintiffs' assertion that 26 U.S.C. § 6015(e) excepts Plaintiffs' claim from the Anti-Injunction Act can be construed as an argument for waiver of sovereign immunity,

of the sovereign immunity of the United States, by which actions may be brought to quiet title to lands in which the United States "claims an interest." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 769 (quoting 28 U.S.C.A. § 2409a(a) (West 1978)). The waiver in § 2409a must be construed narrowly in favor of the government. *Bay Sav. Bank, F.S.B. v. Internal Revenue Service*, 837 F. Supp. 150, 153 (E.D. Va. 1993).

The Court cannot construe the waiver broadly enough to find a waiver of sovereign immunity in the situation presented here. Plaintiffs do not seek to quiet title to the property pursuant to § 2409a, but rather to enjoin the sale of real property and collection actions, and to declare constitutional rights violations. Construed narrowly in favor of the government, § 2409a does not waive immunity as to these claims. Further, where the property at issue has been sold, as it has been here, the government no longer "claims an interest" and section 2409a is not applicable. *Id.* at 154.

As Plaintiffs have not cited any other statutes showing an unequivocal waiver of sovereignty, the Court finds Plaintiffs failed to meet their burden and the doctrine of sovereign immunity bars Plaintiffs' suit. There are no material jurisdictional facts in dispute, and Defendants are entitled to prevail as a matter of law because, standing alone and taken as true, Plaintiffs allegations have not pleaded jurisdiction and a meritorious cause of action. The Court finds, therefore, that Plaintiffs

---

the Court finds no such waiver. Section 6015(e) is an exception to 26 U.S.C. § 7421(a)'s general prohibition of actions seeking to restrain the assessment or collection of taxes. The exception exists where a taxpayer has "petition[ed] the Tax Court to determine the appropriate relief available" from joint and several liability for deficient joint tax returns. 26 U.S.C.A. § 6015(e) (West 2009). Plaintiffs allege only that they submitted to the Internal Revenue Service two forms, along with their 2007 joint tax return, related to severing the liability on the joint return. They do not allege that they petitioned the Tax Court for any relief. Given that waivers of sovereign immunity must be construed strictly in favor of the government, the Court finds that Plaintiffs' assertion, to the extent it can be construed as alleging a waiver of sovereign immunity, does not unequivocally demonstrate such a waiver in the present situation.

failed to meet their burden of proving that jurisdiction exists in this Court.  Accordingly, the Court will grant Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

    An appropriate Order shall issue.

September 1, 2009                                           /s/
DATE                                               RICHARD L. WILLIAMS
                                                      SENIOR UNITED STATES DISTRICT JUDGE